UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANLEY ALI GODBOLD,

Plaintiff,

-against-

"JOHN DEO," WHO WORKED FOR THE UNITED STATES DISTRICT COURT OF NEW YORK IN THE YEAR 1993,

Defendant.

26-CV-7253 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

Plaintiff, who currently is incarcerated at Turbeville Correctional Institution, a state prison located in Turbeville, South Carolina, brings this action, *pro se*, asking the court to "release[]" a "contact order" issued in 1993. (ECF 1, at 5.) By Order dated October 1, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF 5.) For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

Plaintiff brings this action against an unidentified John Doe whom he alleges worked at the "United States District Court of New York" in 1993.[2] (ECF 1, at 1.) Plaintiff invokes the court's federal question jurisdiction and checks a box on the complaint form to assert claims under 42 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff alleges that the events giving rise to his claims occurred in the Bronx in January of 1993. Plaintiff's statement of facts section reads, in its entirety: "During my yearly review I was informed that I [have] a federal contact order for murder in the year 1994. That contact order was obtained illegally, in the year 1993. [Plaintiff] was charged and plead to armed robbery and attempted murder. [Plaintiff] was never charged with murder." (*Id.* at 4.)

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation appear as in the complaint unless otherwise noted.

Plaintiff describes his injury as being "unable to obtain a job in preparation for his release [from prison]" because of the "contact order." (*Id.* at 5.)

Plaintiff seeks "[t]o be release of this contact order that was erroneously place[d] on [him]." (*Id.*)

**DISCUSSION**

**A. Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678. Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted).

Plaintiff's complaint does not comply with Rule 8 because his bare assertions do not plausibly suggest a viable claim. He challenges a "contact order" from 1993, but he does not explain what a "contact order" is, why the order was imposed, or any other information about the

order.[3] Furthermore, although Plaintiff asserts that the contact order was "obtained illegally," he does not allege any facts explaining why he believes it was obtained illegally or how his federal constitutional rights were violated.

Finally, Plaintiff, who is currently incarcerated in a South Carolina state prison, states that the contact order was issued in 1993 by the "United States District Court of New York" in the Bronx. This court, the United States District Court for the Southern District of New York, has courthouses in Manhattan and White Plains, New York; it does not have a courthouse in the Bronx. Furthermore, a search of this court's records does not show that Plaintiff has ever been a defendant in criminal proceedings in the Southern District of New York. To the extent Plaintiff is seeking to vacate a collateral consequence or other legal disabilities imposed in relation to a state-court conviction, such as the New York Supreme Court, Bronx County, he must challenge those disabilities in the state court that imposed them.[4]

The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of

[3] Although the complaint is unclear, Plaintiff may be referring to a "no contact" order preventing him from contacting the victim in his prior conviction for attempted murder.

[4] The only public record for state or federal courts in New York that references Plaintiff is a 1995 order from the New York State Supreme Court, Appellate Division, First Department, indicating that Plaintiff withdrew an appeal of an unspecified criminal conviction. *See People v. Godbold*, 218 A.D.2d 928 (1st Dep't Aug. 25, 1995).

jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to amend his complaint to allege additional facts stating a valid claim.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 14, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge